IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DWAYNE HENRI ANDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-080 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

On March 21, 2016, Petitioner filed a motion seeking habeas corpus relief under 28 U.S.C. § 2241 in the District of South Carolina, (doc. no. 1), which held that Petitioner's only avenue of relief is a second and successive motion under 28 U.S.C. § 2255 and transferred the case to the Southern District of Georgia as the site of the underlying conviction, (doc. nos. 11, 17). Because Petitioner may not proceed under § 2241 and must proceed under § 2255 by first receiving authorization to file a second or successive petition from the Eleventh Circuit, the Court **REPORT** and **RECOMMENDS** this case be **DISMISSED** and **CLOSED**.

**I.  BACKGROUND**

On February 8, 2012, the grand jury in the Southern District of Georgia charged Petitioner in an eight-count indictment with one count of unlicensed dealing in firearms, four counts of possession of firearms by a convicted felon, and three counts of possession of stolen firearms. United States v. Anderson, CR 112-041, doc. no. 3 (S.D. Ga. Feb. 8,

2012) ("CR 112-041").  On May 3, 2012, Petitioner pled guilty to possession of firearms by a felon, and the government agreed to dismiss the seven other counts.  Id., doc. nos. 21-23.  United States District Judge Dudley H. Bowen, Jr., sentenced Petitioner to 210 months imprisonment to be served consecutively to any state court sentence imposed for the revocation of Petitioner's probation, along with a five-year term of supervised release, a $2,000 fine, and a $100 special assessment.  Id., doc. no. 29.

On August 19, 2013, Petitioner filed his first 28 U.S.C. § 2255 petition.  Anderson v. United States, CV 113-149 (S.D. Ga. Aug. 19, 2013) ("CV 113-149").  Petitioner raised one ground for relief alleging he was improperly designated an armed career criminal under 18 U.S.C. § 924(e).  Id., doc. no. 1, p. 4.  Petitioner also argued his "non-generic" prior burglary convictions did not qualify as predicate offenses under § 924(e), that he was entitled to relief under Alleyne and Descamps, and asked to be resentenced without the § 924(e) enhancement.  Id., doc. no. 1, pp. 11-20.  This Court recommended dismissal of Petitioner's case because his claims were barred by a valid collateral attack wavier in his written plea agreement, or were otherwise meritless.  See generally id., doc. no. 10, pp. 8, 15.  On June 24, 2014, Judge Bowen adopted the Report and Recommendation ("R&R") as the opinion of the Court and entered judgement in favor of Respondent.  Id., doc. no. 12.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015).  In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process.  Johnson, 135 S. Ct. at 2563.  The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to

2

another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, on March 21, 2016, Petitioner filed a petition seeking habeas corpus relief under 28 U.S.C. § 2241 in the District of South Carolina. The petition alleges remarkably similar claims to those alleged in his first § 2255 petition. Compare doc. no. 1-1 with CV113-149, doc. no. 1. Petitioner argues: (1) two of his prior burglary convictions in state court do not qualify as predicate offenses for an ACCA enhancement under § 924(e); (2) Alleyne and Descamps entitle him to relief; (3) he has shown a Johnson violation because his conviction for burglary of a storage shed should not have been used to enhance his sentence under § 924(e); and (4) there was judicial misconduct when his § 924(e) enhancement was not properly determined because no jury found the facts necessary to impose the mandatory minimum sentence. See id.; doc. no. 1-1.

United States Magistrate Judge Bristow Marchant recommended dismissal, finding Petitioner's request for relief was not properly brought in a § 2241 petition. (Doc. no. 11, p. 7.) Magistrate Judge Marchant also advised Petitioner if he intended to seek relief pursuant to 28 U.S.C. § 2255, he needed to seek authorization to file a successive § 2255 petition with the Eleventh Circuit Court of Appeals. (Id.) In response, Petitioner filed a motion to voluntarily dismiss his § 2241 petition, notified the District of South Carolina he intended to seek authorization to file a second or successive § 2255 petition, (doc. no. 14), and on June 6, 2016, filed his 28 U.S.C. § 2244(b)(3) motion seeking authorization with the Eleventh Circuit. In re Anderson, No.16-13245 (11th Cir. Jun. 6, 2016). On June 10, 2016, United States District Judge Timothy M. Cain denied Petitioner's motion to voluntarily dismiss his §

3

2241 petition, and transferred the case to this Court pursuant to 28 U.S.C. § 1631, to protect Petitioner's ability to file a timely § 2255 motion. (Doc. no. 17.) Judge Cain's order did not adopt Magistrate Judge Marchant's R&R.

On June 17, 2016, Petitioner informed this Court he is actually seeking relief pursuant to 28 U.S.C. § 2255, and affirmed that his 28 U.S.C. § 2244(b)(3) motion requesting permission from the Eleventh Circuit is presently pending. (Doc. no. 22.) The Eleventh Circuit's docket confirms Petitioner filed his motion on June 6, 2016. In re Anderson, No.16-13245; see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

## II. DISCUSSION

### A. Petitioner is Not Entitled to Proceed Under 28 U.S.C. § 2241.

"Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005); see also Jones v. Warden, FCC Coleman-Medium, 520 F. App'x 942, 944 (11th Cir. 2013). A federal prisoner may only resort to § 2241 to challenge the validity of his conviction or sentence in very limited circumstances upon a showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Those tightly circumscribed situations in which a petitioner may proceed under § 2241 are delineated in the "savings clause" of § 2255(e), which, if met, open a portal to § 2241 relief. See Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).

The petitioner has the burden of establishing he is entitled to proceed under the savings clause, and the savings clause is a "threshold jurisdictional issue that must be

decided before delving into the merits of the petitioner's claim and the applicable defenses." Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1262 (11th Cir. 2013); see also Harris v. Warden, 801 F.3d 1321, 1323 (11th Cir. 2015); Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015). A § 2255 motion is not "inadequate or ineffective" because a petitioner cannot comply with procedural restrictions, for example, the statute of limitations or successiveness bar. Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011) (*en banc*). Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity' to raise his claim in the context of a § 2255 motion." Zelaya, 798 F.3d at 1370.

Thus, the successiveness bar in § 2255(h) does not itself render a § 2255 motion inadequate or ineffective. Gilbert, 640 F.3d at 1308. The savings clause only applies where a petitioner is categorically prevented from ever proceeding with a successive § 2255(h) motion, such as when a second or successive claim is based on a new rule of statutory construction rather than on new evidence or a new rule of constitutional law. See, e.g., Bryant, 738 F.3d at 1277-78 (discussing retroactivity requirements in context of deciding whether § 2255 is inadequate or ineffective); see also In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (explaining a new claim cannot be raised under § 2241 unless it is based on "a change that eludes permission in section 2255 for successive motions").

Here, because Johnson is retroactive, § 2255 provides Petitioner with an adequate and effective remedy for raising his Johnson claims in a second or successive § 2255 motion. Welch, 136 S. Ct. at 1265. While some of Petitioner's claims have no basis in a second § 2255 petition because the claims were adversely decided in Petitioner's first habeas petition, Petitioner is not categorically prevented from raising at least some of his claims in a second

5

or successive § 2255 motion, and thus Petitioner cannot proceed under § 2241. See Harris, 801 F.3d at 1324. As noted above, Petitioner recognized he could not proceed under § 2241, and requested that his petition be dismissed. (Doc. no. 14.) In addition, Petitioner's motion for authorization from the Eleventh Circuit to file a second or successive § 2255 motion is currently pending. Regardless of whether the Eleventh Circuit actually grants Petitioner authorization to file a second or successive motion, he cannot pursue relief in this Court under § 2241 because Petitioner's claims fall squarely within § 2255's ambit. See Harris, 801 F.3d at 1324. Accordingly, the Court does not have jurisdiction to consider Petitioner's claims under § 2241.

### B. This Court Presently Does Not Have Jurisdiction to Consider the Petition as a Second Or Successive Petition Under § 2255.

Even if Petitioner's § 2241 petition could instead be construed as a § 2255 petition, this Court does not have jurisdiction to consider it because as Petitioner agrees, it is second or successive. (Doc. no. 22.) Petitioner's claims are barred by virtue of the successive motion restrictions enacted by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA"), and now contained in 28 U.S.C. §§ 2255 and 2244(b). Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Section 2244, in turn, provides that prior to filing a successive petition in the District Court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (citing 28 U.S.C. §§ 2255 & 2244(b)(3)).

Here, the Court dismissed Petitioner's first § 2255 motion because it was barred by the collateral attack waiver and was otherwise meritless. See CV 113-149, doc. nos. 10, 12. Now Petitioner is attempting to relitigate claims previously raised in his first § 2255 motion without first receiving authorization from the Eleventh Circuit to do so. See Williams v. Chatman, 510 F.3d 1290, 1295 (11th Cir. 2007) ("Because he was attempting to relitigate previous claims that challenge the validity of his conviction, [petitioner] was required to move this Court for an order authorizing the district court to consider a successive habeas petition."); United States v. Walden, 05-15716, 2006 WL 955768 (11th Cir. Apr. 12, 2006) (finding § 2255 motion successive when previous motion denied on basis of collateral attack waiver). As no intervening factual predicate has arisen in the time between Petitioner's first motion and this instant motion, see Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014), the instant motion is properly classified as "second or successive" in the sense contemplated by § 2255. See Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011) (distinguishing between numerically second § 2255 petitions, and §2255 petitions barred as second or successive). Because Petitioner has not yet received authorization from the Eleventh Circuit to file a second or successive § 2255 petition, this Court lacks jurisdiction to consider the petition under § 2255. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (*per curiam*) (determining that "the district court lacked jurisdiction to consider

7

Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition").

Although Petitioner requests this Court hold this proceeding in abeyance while the Eleventh Circuit decides whether to authorize a second or successive § 2255 motion (doc. no. 22), Petitioner was required to obtain the Eleventh Circuit's authorization *before* filing a second or successive § 2255 petition. Phillips v. Henry, No. 3:15CV255/RV/CJK, 2015 WL 9918675, at *2 (N.D. Fla. Dec. 15, 2015), report and recommendation adopted, No. 3:15CV255/RV/CJK, 2016 WL 309821 (N.D. Fla. Jan. 25, 2016), appeal dismissed (Mar. 17, 2016). Petitioner's failure to receive authorization before filing this petition requires dismissal, and the Court denies Petitioner's request to hold the petition in abeyance. Id.

### III. CONCLUSION

Because Petitioner has not met his burden to show the savings clause applies to allow him to proceed with a § 2241 petition, and because the Court is without jurisdiction to consider the petition as a second or successive § 2255 motion, the Court **REPORT** and **RECOMMENDS** this case be **DISMISSED** and **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of June, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA