IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DWAYNE HENRI ANDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-080 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 26.) As detailed in the R&R, Petitioner filed this 28 U.S.C. § 2241 petition initially in the District of South Carolina. (Doc. no. 1.) The District of South Carolina determined Petitioner's request for relief was not properly brought in a § 2241 petition and transferred Petitioner's case to the Southern District of Georgia, the Court which imposed the sentence Petitioner is attempting to challenge. (Doc. no. 17.) The Magistrate Judge recommended dismissal because Petitioner's claims were not properly brought under § 2241. Rather, as Petitioner conceded, he was seeking relief pursuant to 28 U.S.C. § 2255, and because Petitioner had previously filed for relief under § 2255, the Court was without jurisdiction to review Petitioner's second § 2255 motion without Petitioner first receiving authorization from the Eleventh Circuit. (Doc. no. 23.)

Since entry of the R&R, Petitioner has received permission from the Eleventh Circuit to raise one claim in a second or successive § 2255 motion, namely that he was improperly sentenced under the Armed Career Criminal Act's residual clause. (Doc. no. 27.) Petitioner has also filed several briefing memoranda in his underlying § 2241 case, improperly attempting to raise his § 2255 claims. (Doc. nos. 25, 28.) Petitioner has yet to file his authorized second or successive § 2255 motion with this Court. As Petitioner has requested, the Court dismisses Petitioner's underlying § 2241 case, and will allow him to proceed with a second or successive § 2255 motion. (Doc. no. 26, p. 10.)

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** the § 2241 motion, and **CLOSES** this case. The Court **DIRECTS** the **CLERK** to attach a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody form to Petitioner's copy of this order. The Court instructs Petitioner that he must only file claims for which he has received authorization to file by the Eleventh Circuit. Petitioner will have thirty days to submit the § 2255 habeas corpus petition, and the Clerk will docket it as a new civil action.[1]

SO ORDERED this 1st day of August, 2016, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Clerk shall docket the new civil action as a motion under 28 U.S.C. § 2255 with a *nunc pro tunc* filing date of June 6, 2016, the day Petitioner sought authorization from the Eleventh Circuit to file a second or successive habeas petition. In re Anderson, No.16-13245 (11th Cir. Jun. 6, 2016).